RICHARD E. TOWNSEND, Respondent, *v.* EDWARD G. FELTHOUSEN, Appellant.

*Fraudulent representations — competency of an affidavit two years old as to the assets of a firm — independent fraudulent acts.*

In an action brought to recover damages resulting from alleged false representations as to the value of stock in a manufacturing company, which the plaintiff had purchased, the plaintiff claiming that the assets of the corporation and the value of its yearly business had been fraudulently misrepresented to him, it appeared that the business had been formerly carried on by a firm composed of one Volker and the defendant Felthousen; that about two years before plaintiff bought the stock these persons organized the corporation in question, at which time a statement was made of the assets and affairs of the firm, and also that an affidavit, made by a Mr. Walker as to its business and assets, was exhibited to certain persons in order to induce them to purchase stock in the corporation.

Upon the trial of the action in some manner the affidavit of Walker got into the case without objection, and the plaintiff testified that the defendant exhibited this affidavit to him, and that it influenced him in buying the stock. The plaintiff then offered evidence to show that the affidavit of Walker was not true, which was objected to, but the evidence was received upon the theory that it was competent to show an independent fraudulent act of the defendant, similar in character to the one in question, as bearing upon the question of the defendant's intention in the transaction in question.

*Held,* that although the affidavit made two years before the sale of the stock to the plaintiff might not have been competent evidence for the purpose for which it was admitted, yet if, as he testified, it was exhibited to him by the defendant and influenced his mind and induced him to believe that the assets of the corporation were much larger than they really were, it was admissible.

APPEAL by the defendant, Edward G. Felthousen, from a judgment of the Supreme Court in favor of the plaintiff, entered in the

HUN — VOL. XC.       12

office of the clerk of the county of Erie on the 20th day of March, 1894, upon the verdict of a jury rendered after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 17th day of July, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Adelbert Moot*, for the appellant.

*Norris Morey*, for the respondent.

LEWIS, J. :

The plaintiff, in the month of January, 1891, purchased of the defendant 625 shares of the capital stock of a manufacturing corporation, known as the Buffalo Steam Pump Company. The stock was of the par value of $100 a share. The plaintiff paid the defendant for the 625 shares the sum of $37,500, being at the rate of sixty dollars a share.

This action was brought to recover damages which the plaintiff claimed he had sustained by reason of his having been induced to purchase the stock by certain fraudulent representations, which, he claimed, were made to him by the defendant, and which induced him to make the purchase.

Various allegations as to false representations were stated in the complaint, among others, that the defendant represented that the assets of the corporation were much larger in amount and value than they in fact were, and that its liabilities were less than they were. And further, that the profits of the business of the company since its organization, being for two years prior to the sale, were represented to have amounted to upwards of $13,000, to wit, $5,598.97 for the year 1889, and $7,644.51 for the year 1890, when in truth and fact there had been no profit realized in its business, but, on the contrary, there had been a loss in its business during said two years of upwards of $12,000. All of the allegations of fraud in the complaint were put in issue by the answer.

The case was tried before a struck jury with great deliberation. The trial occupied eleven days, and the jury rendered a verdict against the defendant for the sum $11,220.

The plaintiff gave evidence tending to show that during the negotiations which resulted in the purchase by him of the stock,

the defendant exhibited to him a written statement of the assets and liabilities of the company, and that the statement was false; that it exaggerated the assets of the company and failed to state all of its liabilities.

The defendant, while conceding that some unimportant inaccuracies may have been incorporated in the statement, claimed that they were entirely unintentional on his part, and were so insignificant in amount as not to materially affect the value of the stock. As to the important and material items of the statement claimed by the plaintiff to be untruthful, the defendant introduced evidence consisting of his own testimony and that of quite a number of other witnesses, tending to show that they were not inaccurate, but were truthful statements and represented the actual condition of the company at the time of the sale in question. The defendant contended that substantially all the entries in the statement claimed by the plaintiff to be erroneous were not in fact so, but were made to appear to be so by the adoption by the plaintiff of an erroneous, misleading system of bookkeeping.

After having examined the evidence, which covers nearly 600 pages of printed matter, we are not prepared to say that the verdict was not supported by the evidence.

It was a case especially adapted to trial by jury. Many questions arose at the trial, upon the admission and rejection of evidence, and upon the charge of the court to the jury.

Some of them are especially urged by the appellant's counsel as of sufficient importance to justify and require a new trial of the action. They do not so impress us, although some of them are not free from serious doubt.

The business of manufacturing pumps was formerly carried on in the city of Buffalo by a firm composed of Volker and the defendant Felthousen. About two years prior to the sale of the stock to the plaintiff a corporation was organized by Volker and Felthousen, known as the Buffalo Steam Pump Company, and the assets and business of the firm were transferred to the corporation.

With a view of inducing outside parties to purchase some of the stock of the corporation a statement of the assets and affairs of the firm was prepared, under the direction of the defendant, and an affidavit was made by a Mr. Walker which purported to give a

statement of the condition of the business and its assets, which was exhibited to parties with a view to induce them to purchase the stock.

Some of the particulars of the transfer of the assets and business of the firm to the corporation got into the case without objection, as did Walker's affidavit. The plaintiff testified that the affidavit of Walker was exhibited to him by the defendant, while the negotiations which resulted in his purchase of the stock were pending, and influenced his mind in making the purchase.

The plaintiff offered evidence to establish that Walker's affidavit did not represent the true condition of the affairs of the company, but greatly exaggerated its assets and business, and that the defendant, knowing that to be the case, exhibited it to him for the purpose of deceiving him. This evidence was received, against the defendant's objection, upon the theory that it was competent to show an independent fraudulent act of the defendant, similar in character to the one in question, as bearing upon the question of the defendant's intentions in the transaction.

It is doubtful if it was competent evidence for that purpose. It was quite remote in point of time, being two years or more prior to the time of the sale of the stock to the plaintiff, but, as heretofore stated, there was evidence tending to show that this affidavit of Mr. Walker was exhibited to the plaintiff while he was negotiating for, and before he purchased the stock, and he had testified that it influenced his mind in determining him to make the purchase; that it induced him to believe that the assets of the pump company which he was negotiating to purchase an interest in were larger and of greater value than they really were. It was for that purpose probably competent evidence; and that was the light in which it was finally presented to the jury. They were charged that they were at liberty to consider it as evidence tending to show that the plaintiff might have been misled thereby.

We do not find anything in the defendant's exceptions requiring a new trial.

The judgment and order appealed from should be affirmed.

BRADLEY, J., concurred; WARD, J., not sitting.

Judgment and order affirmed.